#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF GEORGIA
#### VALDOSTA DIVISION

| | |
|---|---|
| **JOSEPH I. KISER,** : | |
| : | |
| **Petitioner,** : | |
| : | |
| v. : | |
| : | No. 7:20-cv-00092-HL-TQL |
| **ASHLEY PAULK,** : | |
| : | |
| **Respondent.** : | |
| : | |
| _____ : | |

## **ORDER**

Petitioner Joseph I. Kiser filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 when he was a pretrial detainee in the Lowndes County Jail in Valdosta, Georgia. Pet. for Writ of Habeas Corpus., ECF No. 1.  He also moved for leave to proceed *in forma pauperis*.  Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2.  Thereafter, Petitioner was ordered to file a certified copy of his prison trust fund account statement so that the Court could properly evaluate his motion to proceed *in forma pauperis*.  Order, ECF No. 4.  Petitioner was given twenty-one days to comply and was cautioned that his failure to do so could result in the dismissal of this action.  *Id.*

Petitioner did not file his account statement within the allotted time.  As a result, he was ordered to show cause why this action should not be dismissed for failure to file his account statement.  Order to Show Cause, ECF No. 5.  The order to show cause, sent to Petitioner at the Lowndes County Jail, was subsequently returned to this Court as undeliverable.  Mail Returned, ECF No. 6.  Petitioner's failure to keep the Court apprised

of his current address constitutes a failure to prosecute this action, which may be grounds for dismissing an action.

Nevertheless, a review of the Georgia Department of Corrections Inmate Search suggested that Petitioner had been transferred to the Berrien County Jail. Thus, the order to show cause (ECF No. 5) and a new order to show cause were forwarded to Petitioner at the Berrien County Jail. Order, ECF No. 7.

The new order to show cause noted that, insofar as Petitioner was no longer being detained in the Lowndes County Jail, the petition, which sought release based on that jail's failure to protect detainees from COVID-19, may be moot. *See id.* Therefore, Petitioner was ordered to show cause why this petition should not be dismissed based on Petitioner's failure to file his account statement, his failure to keep the Court apprised of his current address, or mootness. Petitioner was given twenty-one days to respond and was cautioned that his failure to do so would result in the dismissal of this petition.

More than twenty-one days have now passed since entry of the new order to show cause, and Petitioner has not filed a response to that order. Thus, because Petitioner has failed to respond to this Court's orders or to otherwise prosecute his case, this action is **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 8th day of October, 2020.

                                                *s/ Hugh Lawson*
                                                HUGH LAWSON, SENIOR JUDGE